UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFONSO MILLS,

        Petitioner,

v.                                                       Case No. 07-CV-13283
                                                       Honorable Victoria A. Roberts

MILLICENT WARREN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AND GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      Petitioner Alfonso Mills filed a *pro se* "Petition for a Writ of Habeas Corpus" [dkt. # 1] pursuant to 28 U.S.C. § 2254. The Habeas Petition challenged Petitioner's state convictions for six counts of first-degree criminal sexual conduct, MICH.COMP.LAWS § 750.520b(1)(a), for the sexual abuse of two four-year-old twin girls. On September 4, 2008, the Court denied the Petition. Now before the Court are Petitioner's "Motion for Certificate of Appealability" and "Application to Proceed *In Forma Pauperis* On Appeal." (Dkt. # # 18 and 19.) For the reasons stated below, the Court will grant Petitioner's Application, and the Court will grant in part and deny in part Petitioner's Motion for Certificate of Appealability.

I.

      Before Petitioner may appeal this Court's dispositive decision denying his Petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R.App. P. 22(b). This Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3);

Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

II.

Petitioner challenged his convictions on four grounds. First, Petitioner claimed that he was denied due process and a fair trial when the trial court allowed the prosecutor to introduce other-acts evidence and evidence of charges for which he had been acquitted–the alleged sexual abuse of his biological daughter, Alissa Kuhn. The Michigan Court of Appeals held that the incidents were not isolated incidents. Rather, the state-appellate court found that one could infer from the common features that Petitioner had a system which involved taking advantage of the parent-child relationship, thus supporting the prosecution's theory that he had devised a plan or scheme and used it to sexually assault young-female relatives in his household. The Court of Appeals also found that the probative value of the evidence was not substantially outweighed by its prejudicial effect.

This Court found that the Michigan Court of Appeals' holding as to the introduction of the 404(b) evidence was not contrary to, or an unreasonable application of, clearly established federal law so as to entitle Petitioner to habeas relief and that Petitioner failed to establish that the admission of the disputed evidence rendered his trial fundamentally unfair. While this Court came to that conclusion, the Court nevertheless finds that reasonable jurists could find that its

resolution of that claim is debatable or wrong.

The Court finds that others can view the admission of such evidence as prejudicial to Petitioner, in that he was forced to defend against charges or factual allegations which he overcame in an earlier trial. The admission of such evidence can be seen as being fundamentally unfair and totally incongruous with our basic concepts of justice; it can be seen as unfair to permit one sovereign to offer proof that a defendant, or Petitioner in this case, committed a specific crime which a jury of that particular sovereign had concluded that he did not. Others can conclude that with such admissions a person could never remove himself or herself from the blight and suspicious aura which surround an accusation that he or she is guilty of a specific crime. *Wingate v. Wainwright*, 464 F.2d 209, 215 (5th Cir. 1972).

Accordingly, the Court will grant a certificate of appealability on the issue of whether the Petitioner's due process rights were violated, or whether he was denied a fair trial, by the admission of such evidence.

Second, Petitioner alleged that there was insufficient evidence presented to support his six counts of first-degree-criminal-sexual-conduct convictions. Petitioner claimed that there was insufficient evidence because the two child victims were not credible; the trial court found that one child was incompetent to testify and that she contradicted her prior testimonies, and Petitioner also alleged that the other child's testimony was also questionable. Additionally, Petitioner argued that there were no other eyewitnesses to the sexual assaults, and that there was no physical evidence to support the allegations of penetration.

In this claim, the Court found that Petitioner failed to show that the state-court's decision

was contrary to, or an unreasonable application of, Supreme Court precedent. In addressing Petitioner's claim, the state-appellate court considered the following: Christa's preliminary-examination testimony and her Wayne-County testimony and Christian's testimony. The state-appellate court held that, based on the facts presented, a rational trier of fact could have found beyond a reasonable doubt that Petitioner "engaged in multiple acts of oral, anal, and vaginal sexual penetration with his four-year-old twin daughters (sic), so as to sustain his convictions on six counts of first-degree criminal sexual conduct." *People v. Mills*, No. 247948, 2004 WL 1416268, slip op. at 5 (Mich.Ct.App. June 24, 2004) (unpublished). This Court found that determination a correct and a reasonable application of *Jackson v. Virginia*, 443 U.S. 307, 324 (1979), and therefore found that Petitioner was not entitled to federal habeas corpus relief with respect to that claim. Nevertheless, the Court finds that reasonable jurists could find its conclusion in that regard to be debatable or wrong and, therefore, will grant a certificate of appealability on that claim as well.

The Court finds that others can view Petitioner's insufficient evidence claim as follows. Because one of the twin girls was declared incompetent to testify, Christa, any evidence admitted regarding her claims against Petitioner was insufficient. With that, and with the admission of the testimony regarding Alissa, if viewed as in error, one could say that the testimony regarding Christa's allegations was therefore insufficient, at least, insufficient as to Petitioner's charges of six counts of first-degree criminal sexual conduct. Accordingly, the Court will grant Petitioner a certificate of appealability regarding his insufficient evidence claim.

Finally, regarding Petitioner's remaining claims–ineffective assistance of trial and

-4-

appellate counsel, the Court found those claims procedurally defaulted because Petitioner did not raise the claims before and failed to establish cause for such failure. Rather, Petitioner raised the claims for the first time in his post-conviction motion for relief from judgment, and alleged that his appellate counsel was ineffective for failing to raise the claim of ineffective assistance of trial counsel. The state court of appeals disagreed with Petitioner. In its Opinion and Order, this Court also found that Petitioner failed to establish cause for his default and denied the claim. The Court found that Petitioner failed to demonstrate that a miscarriage of justice would occur if the Court did not review the claim.

Here, the Court finds that reasonable jurists would not finds its decision debatable or wrong. Therefore, the Court denies Petitioner's request for a certificate of appealability on his ineffective assistance of counsel claims.

Petitioner also has filed an "Application to Proceed *In Forma Pauperis* On Appeal." (Dkt. # 18.) Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *United States v. Cahill-Masching*, 2002 WL 15701 (N.D.Ill. Jan.4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Because this

Court is granting a certificate of appealability in part, this Court finds that Petitioner's appeal is undertaken in good faith and will grant him leave to appeal *in forma pauperis*.

III.

Accordingly, for the reasons stated above, **IT IS ORDERED** that Petitioner's "Motion for Certificate of Appealability" [dkt. # 19] is **GRANTED IN PART** and **DENIED IN PART**. The Court **GRANTS** a certificate of appealability on the issue of whether Petitioner's due process rights were violated with the admission of other-acts evidence for which Petitioner was acquitted and whether there was sufficient evidence to support his six counts of first-degree-criminal-sexual-conduct convictions and **DENIES** a certificate of appealability as to Petitioner's remaining claims–ineffective assistance of trial and appellate counsel.

**IT IS FURTHER ORDERED** that Petitioner's Application to Proceed *In Forma Pauperis* on Appeal [dkt. # 18] is **GRANTED**.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 22, 2008

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Alfonso Mills by electronic means or U.S. Mail on October 22, 2008. <br><br> s/Carol A. Pinegar <br> Deputy Clerk |